**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO:** 3:12-CR-49-CAR |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1344** |
| **JOSEPH ALLEN** | : | **18 U.S.C. § 1014** |
| | : | **29 U.S.C. § 439(b)** |
| | | **29 U.S.C. § 501(c)** |

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1.      At all times material to this indictment, the National Association of Letter Carriers, Local #588 (NALC #588) was a labor organization as defined under LMRDA section 3(i) and (j).

2.      At all times material to this indictment, the NALC #588 was located in Athens, Georgia, and its members were employed at various postal facilities in and around Athens, GA, as letter carriers.

3.      At all times material to this Indictment, NALC #588 was required to file Labor Organization Annual Reports (LM-3 Reports) with the U.S. Department of Labor pursuant to the Labor-Management and Disclosure Act of 1959, as amended.

4.      At all times material to this Indictment, Defendant Joseph Allen (Defendant) was a member of NALC #588 and was the Treasurer.  As Treasurer, Defendant was in charge of all the finances which included writing union checks, depositing checks payable to the union, and filing annual LM-3 reports with the U.S. Department of Labor.  He received a monthly salary from the union.

5.      At all times material to this Indictment, NALC #588 had one authorized checking account which was Athens First #xxxxx8365.

6.      That during a portion of the time material to this indictment the defendant opened account #xxxxxx5979 in the name of NALC #588 at the Bank of America which was not authorized by NALC #588.

**COUNT ONE**
**BANK FRAUD**

**18 U.S.C. § 1344**

From on or about October 1, 2005, and ending on or about December 1, 2005, defendant devised a scheme and artifice

(a)      to defraud the Atlanta Postal Credit Union, a credit union with accounts insured by the National Credit Union Share Insurance Fund as defined in 18 U.S.C. § 20 and

(b)      to obtain moneys, and funds, owned by or under the custody or control of the Atlanta Postal Credit Union, a credit union with accounts insured by the National Credit Union Share Insurance Fund as defined in 18 U.S.C. § 20 by means of materially false and fraudulent pretenses, representations, or promises.

**SCHEME TO DEFRAUD**

1.      It was part of the scheme and artifice that the Defendant obtained a loan in the name of the NALC #588 from the Atlanta Postal Credit Union without the knowledge and authority of NALC #588.

2.      That the Defendant completed a credit loan application for a loan with Athens Postal Credit Union (APCU) for Ten Thousand Dollars ($10,000).

3.      That the application to APCU listed NALC #588 as the borrower.

4.      That in order to approve a loan in the name of NALC#588, APCU required that minutes from a union meeting authorizing the application for the loan be included with the loan application.

2

5.      That the defendant submitted to APCU a falsified document which purported to be minutes of a meeting of the union authorizing the Defendant to apply for a loan in the name of NALC#588.

6.      That no such meeting occurred and that the minutes submitted were falsified.

7.      That based on the presentation of the falsified minutes of the meeting submitted to APCU, the loan application was approved and issued to NALC #588.

Beginning on or about October 1, 2005 and ending on or about December 1, 2005, in the Athens Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this court, defendant

## JOSEPH ALLEN

executed and attempted to execute the scheme and artifice as set forth above, in that the defendant obtained a loan in the amount of $10,000, with the net proceeds of $9,653.89 and deposited it into the Bank of America account #xxxxxx5979 by submitting an unauthorized loan application and false and fraudulent minutes that purported to be authorization from NALC#588 to apply for said loan to APCU.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO
## FALSE STATEMENT TO A CREDIT UNION

### 18 U.S.C. § 1014

The factual allegations contained in paragraphs one through seven of the General Introduction and Count 1 are incorporated herein as if set forth in full.

On or about November 8, 2005, in the District of Athens Division of the Middle District of Georgia, defendant JOSEPH ALLEN, knowingly made a material false statement and report for the purpose of influencing the action of Athens Postal Credit Union, a credit union with accounts insured

3

by the National Credit Union Share Insurance Fund as defined in 18 U.S.C. § 20, in connection with an application for a loan, in that the defendant provided a document which purported to be the minutes of the NALC #588 meeting which authorized the defendant to obtain a loan in the name of the NALC #588, when in truth and in fact, as the defendant well knew, that the NALC #588 had not discussed a loan and had not authorized him to obtain a loan in the union's name.

All in violation of Section 1014 of Title 18 of the United States Code.

## COUNT THREE
## FILING A FALSE REPORT

### 29 U.S.C. § 439(b)

The factual allegations contained in paragraphs one through seven of the General Introduction and Count 1 are incorporated herein as if set forth in full.

That on or about May 15, 2008 in the Athens Division of the Middle District of Georgia, the defendant,

### JOSEPH ALLEN

did make a false statement and representation of material fact knowing it to be false and knowingly fail to disclose a material fact in a report and document required to be filed by NALC #588 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form, LM3 Labor Organization Annual Report for the union's fiscal year ending on December 31, 2007.

All in violation of Title 29, United States Code, Section 439(b).

## COUNTS FOUR THROUGH NINE
## THEFT FROM A UNION

### 29 U.S.C. § 501(c)

4

Between the dates of November 18, 2007 and January 11, 2008 as more specifically described below, in the Athens Division of the Middle District of Georgia, the defendant

**JOSEPH ALLEN,**

while an officer, that is, Treasurer, of the National Association of Letter Carriers, Local #588 (NALC #588), a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $3,107.73 in violation of Title 29, United States Code, Section 501(c).

| Count | Date | Amount | Bank Account | Method |
|-------|------|--------|--------------|--------|
| 4 | 11/18/2007 | $500.00 | BOA#xxxxxxx5979 | ATM |
| 5. | 11/20/2007 | $500.00 | BOA #xxxxxx5979 | ATM |
| 6. | 11/28/2007 | $1057.73 | BOA #xxxxxx5979 | Bank Debit Card |
| 7. | 1/4/2008 | $150.00 | BOA#xxxxxx5979 | ATM |
| 8. | 1/10/2008 | $500.00 | BOA #xxxxxx5979 | ATM |
| 9. | 1/11/2008 | $400.00 | BOA#xxxxxx5979 | ATM |

A TRUE BILL.

S/
_____
FOREPERSON OF THE GRAND JURY

Presented By:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

_____
SHARON T. RATLEY

5

ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 15 day of November, A.D. 2012.

Deputy Clerk

6